

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| CHRIS COX, *also known as Chavis Laranzo Cox*, § § § § Plaintiff, § § vs. § § § BRYAN STIRLING; JOEL ANDERSON; § DENNIS PATTERSON; JOSEPH STINES; § STACEY RICHARDSON; ESTHER § LABRADOR; TERRIE WALLACE; JANA § HOLLIS; SHERRY MACKEY; STEPHANIE § SKEWES; BRANDON BYRD; ANTHONY § WHITTINGTON; LASHAWN PEEPLES; § WILLIE OCEAN; and CLINTON PARKER, § Defendants. § | Civil Action No. 4:21-03797-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS AS TO CERTAIN
DEFENDANTS**

Plaintiff Chris Cox, also known as Chavis Laranzo Cox (Cox), proceeding pro se, filed this amended complaint against Bryan Stirling (Stirling), Joel Anderson (Anderson), Dennis Patterson (Patterson), Joseph Stines (Stines), Stacey Richardson (Richardson), Esther Labrador (Labrador), Terrie Wallace (Wallace), Jana Hollis (Hollis), Sherry Mackey (Mackey), Stephanie Skewes (Skewes), Brandon Byrd (Byrd), Anthony Whittington (Whittington), LaShawn Peeples (Peeples), Willie Ocean (Ocean), and Clinton Parker (Parker).

Cox brings this action pursuant to 42 U.S.C. § 1983 and alleges claims under the First, Eighth, and Fourteenth Amendments. Cox's claims arise from his placement in the Substantial Security Risk Unit (SSR) and the resulting conditions, including solitary confinement.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending this Court partially dismiss the amended complaint in this case with prejudice and without issuance and service of process as to Defendants Stirling, Wallace, Whittington, Peeples, Ocean, and Parker (collectively, the Dismissed Defendants). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge filed the Report on February 17, 2022, and the Clerk of Court docketed Cox's objections on March 4, 2022. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo

review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

With several exceptions, addressed below, Cox has largely failed to present any specific objections to the Report. Most of Cox's objections amount to general contentions with the Report's findings, and merely repeat claims the Magistrate Judge properly considered and addressed. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those issues in its well-written and comprehensive Report, it need not repeat the discussion here.

Consequently, to the extent Cox neglects to make specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling those objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Cox of the consequences of failing to file specific objections, Report at 13, he has waived appellate review as to those objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

Additionally, Cox includes in his objections additional information clarifying several of his claims against Anderson, Patterson, Stines, Richardson, Labrador, Hollis, Mackey, Skewes, and Byrd (collectively, Remaining Defendants), i.e., those Defendants for whom the Magistrate Judge failed to recommend dismissal.

The Court declines to address those objections and additional facts because the Magistrate Judge failed to recommend dismissal of any claims against the Remaining Defendants, even if the Report did note certain claims were deficient as pled. The Court will thus overrule those objections as well. That said, Cox should file a motion to amend his complaint if he wishes for the Court to consider the additional information he has provided as to the Remaining Defendants.

Cox, however, does make three specific objections that could pertain to the Dismissed Defendants, which warrant discussion. The Court notes, though, that Cox fails to specifically name the Dismissed Defendants in those objections.

First, Cox posits the Magistrate Judge's consideration of public records regarding his murder conviction as well as his possession of escape tools may "influence[]" the Court's decision as to his constitutional claims. Objections at 1. He also contends the Magistrate Judge mischaracterized the circumstances of his purported attempted escape.

The Magistrate Judge discussed these facts in the context of Cox's claims related to the conditions and length of his solitary confinement. He determined Cox has alleged sufficient facts to surpass summary dismissal as to those claims. Because it appears the Magistrate Judge's consideration of this information failed to impact his recommendation—which was favorable to Cox in that regard—the Court will also overrule this objection.

Second, Cox argues the Magistrate Judge failed "to acknowledge his claim against the constitutionality of the State Policy OP-22.38." Objections at 2. But, this is simply not the case.

The Magistrate Judge addressed that South Carolina Department of Corrections (SCDC) Policy OP-22.38 governs the SSR. He then went on to address the restrictions arising out of that classification that Cox insists are unconstitutional, including deprivation of social contact, environmental stimuli, and adequate sleep and exercise. Therefore, the Court will also overrule this objection.

Third, Cox maintains the Magistrate Judge failed to address his mental illness when he determined "[i]nmates also possess no constitutionally protected interest in participating in specific rehabilitation or education programs." Report at 8. He insists his status as a mentally ill inmate "requires different accommodations, and no discrimination" under the Americans with Disabilities Act (ADA). Objections at 5.

4

Although Cox presents this objection as a perceived error in the Magistrate Judge's constitutional analysis, his new ADA arguments actually attempt to present a new cause of action separate from his constitutional claims. Because Cox proceeds in this matter pro se, the Court will consider whether his amended complaint states a claim against the Dismissed Defendants under the ADA.

Cox declares "Defendants all violated Plaintiff's right under Title II of the [ADA] when denying him reasonable accommodations, when voting that Plaintiff remain in max custody." Objections at 5. Although Cox imputes this alleged violation to "all" Defendants, Cox fails to allege any facts—in his amended complaint or in his objections—regarding any Dismissed Defendants' involvement in any alleged deprivation or security classification. Therefore, the Court declines to construe an ADA cause of action against Dismissed Defendants, and will also overrule this objection.

Cox may move to amend his complaint to allege an ADA claim or to clarify his existing claims against the Remaining Defendants. If Cox chooses to make such a motion, he must do so within **fourteen (14) days** of this Order. He must attach a proposed second amended complaint to his motion alleging specific additional facts. The proposed second amended complaint must clearly state to which Remaining Defendants each fact pertains.

Cox must consider the instructions provided to him in the Magistrate Judge's proper form order, in the Report, and in this order when drafting any proposed second amended complaint, to ensure the proposed amendment is not futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" (quoting

Federal Rule of Civil Procedure 15(a)).  The Court refuses to provide Cox unlimited chances to amend his complaint.

If the motion to amend is granted, the proposed second amended complaint shall <u>replace all other complaints</u> in this matter, and thus should include <u>all</u> facts and claims pertaining to the Remaining Defendants, including those included in previous complaints.  *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted).

Because this Order will dismiss Defendants Stirling, Wallace, Whittington, Peeples, Ocean, and Parker with prejudice, any proposed second amended complaint <u>shall not name them as defendants</u>.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Cox's objections, adopts the Report to the extent it is not contradicted by this Order, and incorporates it herein.  Therefore, it is the judgment of the Court Defendants Stirling, Wallace, Whittington, Peeples, Ocean, and Parker are **DISMISSED WITH PREJUDICE** and without issuance and service of process from this matter.

**IT IS SO ORDERED.**

Signed this 25th day of July 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.