

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

CHAVIS COX, *also known as Chavis Laranzo Cox*, §
§
Plaintiff, §
§
vs. §    Civil Action No. 4:21-03797-MGL
§
JOEL ANDERSON; DENNIS PATTERSON; §
JOSEPH STINES; STACEY RICHARDSON; §
ESTHER LABRADOR; JANA HOLLIS; §
SHERRY MACKEY; STEPHANIE SKEWES; §
and BRANDON BYRD, §
Defendants. §

---

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Chavis Cox (Cox), proceeding pro se, brings this action against the above-named Defendants under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Defendants' motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 31, 2023. Cox objected on June 16, 2023, and Defendants replied on August 3, 2023, at the direction of the Court.

As the Magistrate Judge sets forth a full recitation of the facts in the Report, the Court will repeat only those facts necessary to the analysis in the order. Cox, who is confined in the South Carolina Department of Corrections, claims that Defendants have denied him due process in relation to his continued confinement in his facility's Substantiated Security Unit, which is now called the Kirkland Max Unit, according to Defendants.

In Cox's objections, he first insists the Magistrate Judge erred by considering the reason for Cox's transfer to the Kirkland Max Unit. He appears to claim that there is insufficient evidence to find he was involved in the escape and hostage taking incident, that the Magistrate Judge improperly considered Cox's prior conviction for similar conduct, and that, in any event, such substantive details are irrelevant to his procedural due process claim.

Cox misunderstands the Magistrate Judge's use of the substantive details regarding Cox's transfer to the Kirkland Max Unit. He recited this background information in the facts section to give context to the circumstances of Cox's claim. He refrained from considering those facts in his analysis of Cox's due process arguments, except to the extent they evidence the reviewers' deliberative process.

Therefore, the Court will overrule this objection.

Second, Cox posits that Defendants failed to provide him the opportunity to appear and speak on his behalf at the January 8, 2021, hearing.

He admits that he was present for and provided the opportunity to speak at hearings on June 8, 2021; November 4, 2021; and June 29, 2022, for which there are recordings. But, he contends "it is conflicting and discordant" that there is no recording for the January 8, 2021, hearing. Objections at 2.

But, the record includes a recording of the January 8, 2021, hearing, which reflects that Cox was given the opportunity to make a statement on his behalf. The Court will thus overrule this objection, as well.

Third, Cox contends the Magistrate Judge misconstrued the nature of his claim. Rather than challenging the solitary nature and the length of his confinement, he asserts that his periodic reviews have been meaningless. *See Incumaa v. Stirling*, 791 F.3d 517, 533 (4th Cir. 2015) (explaining prisoner was entitled to "meaningful review" of his administrative solitary confinement).

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).

Although Cox appears to frame the alleged lack of meaningful review as a protected interest, it is better understood as an alleged denial of process. His claimed liberty interest, as identified by the Magistrate Judge, is "in avoiding confinement conditions that impose 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]'" *Incumaa*, 791 F.3d at 526 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)), such as his prolonged confinement to the Kirkland Max Unit.

Cox maintains that, because the justifications for his Kirkland Max Unit placement were "rote and repetitious" of the justification at the initial hearing, there is a genuine issue of material

fact that the review process was pretextual and unmeaningful. Objections at 2. In other words, he avers, "the process is the same every time" and is just a "rubber-stamp[.]" *Id.*

"[T]he requirements of due process are flexible and call for such procedural protections as the particular situation demands[.]" *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (internal quotation marks omitted) (internal citation omitted) (internal brackets omitted). In a case involving review of an inmate's placement in a maximum-security prison, the Supreme Court held annual reviews, including "informal, nonadversary procedures" after an inmate is assigned to supermax satisfies due process, because the "inquiry draws more on the experience of prison administrators[.]" *Id.* at 228–29.

But, the process must be meaningful, that is, more than "perfunctory[,] . . . listing in rote repetition the same justification" upon each review. *Incumaa*, 791 F.3d at 534 (internal quotation marks omitted) (internal citation omitted).

Defendants explain that the review process is three-tiered. First, the Restrictive Housing Unit (RHU) Classification Committee conducts a hearing and review and makes a recommendation; second, the RHU Multi-Disciplinary Committee makes a recommendation to the Deputy Director of Operations; and third, the Deputy Director of Operations makes a final decision. On its face, this process satisfies due process. *Cf. Incumaa*, 791 F.3d at 534 (contrasting single-layered review in that case with the multi-tiered review in *Wilkerson*, and determining that the single-layered review, among other reasons, rendered the process insufficient).

The Court determines specific discussion of most of Cox's reviews is unnecessary. But, it will consider his November, 2021 review briefly. On November 4, 2021, after a hearing in which Cox made a statement on his own behalf, the RHU Classification Committee unanimously

recommended his release from the Kirkland Max unit. It reasoned that his escape and possession of escape tool charges had been dismissed.

But, despite the recommendation being provided to chairperson of the RHU Multi-Disciplinary Review Board, the RHU Multi-Disciplinary Review Board unanimously recommended Cox remain in the Kirkland Max unit. In the RHU Multi-Disciplinary Review Board's recommendation, it failed to acknowledge the differing recommendation from the RHU Classification committee. It did explain, however, it based its recommendation on the severity of the escape and possession of escape tools charges. As Defendants point out in their reply, although the charges were dismissed, Cox was not acquitted of the charges. Instead, the dismissal was technical—based upon a late report of the incident.

Finally, the Deputy Director of Operations, Defendant Joel Anderson, concurred with the RHU Multi-Disciplinary Review Board's recommendation, and signed off without additional comment.

Defendants maintain that the differing recommendations actually "demonstrate[] that the system was *not* a sham or pretextual. Officials could and did disagree[.]" Reply at 6.

True, a multi-tiered process provides protection only if each step is meaningfully considered at the subsequent stages. Nevertheless, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), *abrogated on other grounds by Sandin*, 515 U.S. at 483–84 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

The Court determines that the disagreement between the reviewers fails to create a genuine issue of material fact. The evidence shows instead that Defendants provided Cox with meaningful

review.  At each hearing before the RHU Classification Committee, Cox was afforded the opportunity to speak in his own defense, which he did at least once.

Moreover, although the RHU Multi-Disciplinary Review Board provides only a short explanation for its written recommendations, it indicates that it put the matter to a vote.  In at least one circumstance, the vote was divided, indicating the decisions were not preordained.

Even considering the evidence in the light most favorable to Cox, but also taking into account the deference demanded of this Court, Cox has failed to show a genuine issue of material fact that the periodic reviews of his confinement to the Kirkland Max Unit were pretextual such that he was denied due process.  Accordingly, the Court will overrule this objection as well.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 29th day of August 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


***** 
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.